The "claim of right" to which Rev. St. art.
5681, defining "adverse possession," refers, pre-
scribes merely that the entry of the limitation
claimant on the land must be with intent to
claim it as his own, to hold it for himself, such
continuing to be the nature of his possession,
and it is unnecessary that his entry or holding
be founded on some character of title.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Claim of
Right.]

Error to Court of Civil Appeals of Ninth
Supreme Judicial District.

Suit by H. C. Jones and others against the
Houston Oil Company of Texas.  Judgment
for plaintiffs, and defendant appealed to the
court of Civil Appeals, which affirmed (184
S. W. 611), and defendant brings error.  Writ
of error refused.

See, also, 161 S. W. 92.

H. O. Head, of Sherman, Parker & Ken-
nerly, and Fred L. Williams, all of Houston,
for plaintiff in error.  Jno. B. Warren, of
Houston, for defendants in error.

PHILLIPS, C. J.  The suit was by the heirs
of Mrs. D. M. Jones against the Houston Oil
Company of Texas for the recovery of an un-
divided one-half interest in a 160 acre tract
of land.  The title relied upon by the plain-
tiffs was one of ten years limitation which
they claimed was perfected by their father,
D. M. Jones, during the life-time of their
mother.  The verdict of the jury was in their
favor and has support in the evidence.

It is urged that there was no proof that D.
M. Jones had any claim to the land when
he entered upon it, and none that his oc-
cupancy was continued under any claim other
than an intention to hold the land as a
home.  For this reason it is contended that
his possession was not adverse within the
meaning of the statute, because not com-
menced and continued under "a claim of
right."  Stevens v. Pedregon, 106 Tex. 576,
173 S. W. 210, is relied upon in support of
this proposition.

The statute defining "adverse possession,"
Article 5681, is as follows:

" 'Adverse possession' is an actual and visible
appropriation of the land, commenced and con-
tinued under a claim of right inconsistent with
and hostile to the claim of another."

While the requirement that the appropria-
tion of the land must be commenced and con-
tinued "under a claim of right inconsistent
with and hostile to the claim of another"
was first incorporated in the statute in 1879,
at an early day this court announced that
such claim was an essential element of ad-
verse possession.  Portis v. Hill, 3 Tex. 273.
The present statutory definition of "adverse

possession," in a word, is simply that which
the court had always held it to mean and as
other authorities, generally, had defined it.
For instance it was said by Judge Moore in
Word v. Drouthett, 44 Tex. 365, decided in
1875:

"His entry upon the land must be with intent
to claim it as his own or hold it for himself; or
his intention to do so, if conceived after going
into possession for some other purpose, must be
manifested by some open or visible act or decla-
ration showing such purpose, in order to set
the statute in motion in his favor.  (Wash. on
Real Prop. 125; 2 Smith's Lead. Cases, 561.)"

The court has a number of times declared
that a naked trespasser may acquire a limi-
tation title to land under the ten years stat-
ute.  Smith v. Jones, 103 Tex. 632, 132 S.
W. 469, 31 L. R. A. (N. S.) 153, Craig v.
Cartwright, 65 Tex. 413, and Word v. Drouth-
ett are among the decisions so holding.

It was not the purpose of Stevens v.
Pedregon to overrule this established hold-
ing of the court, though there is an expres-
sion in Chief Justice Brown's opinion that
is to some extent confusing.

The "claim of right" to which the statute
refers simply means that the entry of the
limitation claimant must be with the intent
to claim the land as his own, to hold it for
himself; and such must continue to be the
nature of his possession.  That it is necessary
that his entry upon or holding of the land
be founded upon his having some character
of title is opposed to the theory of the ten
years limitation statute.

The case of Houston Oil Co. v. Davis, 200
S. W. ——, in which a writ of error has been
granted and which has not yet been decided,
involves this question, but we deem it best
to relieve the opinions of the court of any
possible doubt upon it.  For that reason this
opinion is written now, rather than deferred
until the decision of the above case.

The writ of error is refused.

DANIEL v. STATE.  (No. 4654.)

(Court of Criminal Appeals of Texas.  Oct. 31,
1917.)

CRIMINAL LAW ☞1159(3) — REVIEW — CON-
FLICTING EVIDENCE.

Where, on a trial for violating the local op-
tion law (Rev. St. 1911, art. 5715 et seq.), the
state proved that defendant sold alcohol to a cer-
tain person, while defendant denied it, the jury's
finding in favor of the state's evidence would not
be disturbed.

Appeal from District Court, Morris Coun-
ty; J. A. Ward, Judge.

J. S. Daniel was convicted of violating the
local option law, and he appeals.  Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the
State.

DAVIDSON, P. J.  Appellant was convict-
ed of violating the local option law; his pun-

ishment being assessed at one year's confinement in the penitentiary.

The only bill of exceptions found in the record was reserved to the action of the court overruling the motion for new trial. This adds nothing to the matters contained in the motion for new trial, and does not strengthen anything connected with the action of the court in this respect. The motion for new trial is based mainly upon the sufficiency of the testimony to support the conviction. This is set out in different ways in four or five paragraphs of the motion. The evidence is before us, and is very brief. The state proved that appellants sold some alcohol to the alleged purchaser, whose name was Cleveland Giles. This was denied by appellant. The jury solved the question in favor of the state's evidence. It was an issue squarely and fairly presented, and we do not feel justified in disturbing the finding of the jury.

The judgment, therefore, will be affirmed.